Peter Gerard **WAHL**,
Plaintiff-Appellant,

v.

William **McIVER**, et al.,
Defendants-Appellees.

No. 84–3744
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 15, 1985.

Carl J. Zahner, Asst. Atty. Gen., Talla-hassee, Fla., Gerald W. Pierce, Ft. Myers, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, and HILL and ANDERSON, Circuit Judges.

PER CURIAM:

### FACTS

Plaintiff-appellant Peter Gerard Wahl filed this action under 42 U.S.C. § 1983 against the Honorable R. Wallace Pack ("Judge Pack") and the Honorable William McIver ("Judge McIver"), who are Florida circuit court judges; Douglas M. Midgley ("Midgley"), the Lee County Public Defender; Joseph P. D'Alessandro ("D'Alessandro"), the State Attorney; Frank Wanicka ("Wanicka"), the Lee County Sheriff; Major Roy Yahl ("Yahl"), Administrative Head of the Lee County Jail; and the County Commissioners of Lee County. Appellant charged defendants/appellees with various improprieties in the handling of his criminal case and various unconstitutional jail conditions;[1] seeking injunctive relief for those actions.[2] Before

---

1. Although appellant complains of the manner in which his conviction was obtained, this suit was properly treated as coming solely under section 1983. A challenge to the fact or duration of a prisoner's confinement must be brought in a habeas corpus action under section 2254 following exhaustion of state remedies. *Preiser v. Rodriguez,* 411 U.S. 475, 493–94, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973). Appellant does not ask for reversal of his conviction, and the entire presentation of his case is consist-

ent with treatment of his claim under section 1983. *Id.*

2. Appellant's prayer for relief lists several injunctive measures "and any other action this court deems necessary." Although under some circumstances this language might be interpreted as a request for monetary damages, the context in which it appears in the instant case suggests that it should be interpreted as a request for additional appropriate injunctive re-

appellees had filed any responsive pleadings, Wahl filed an "additional complaint" containing several new allegations against the defendants. He also sent a letter to the district court judge claiming that D'Alessandro and several assistant state attorneys were improperly admitted into office, and that his conviction was therefore void. He sought punitive damages for this alleged injury.

Appellees Wanicka, Yahl, and the Lee County Commissioners moved to dismiss the original complaint, the "additional complaint" and the amendment concerning punitive damages. They argued that Wahl failed to allege any facts showing that they had control over the jail or knowledge of the alleged violations, and that none of the allegations concerning jail practices stated a constitutional claim. In response, appellant supplemented his claims with detailed factual allegations. Judges Pack and McIver moved to dismiss on the basis of judicial immunity, and D'Alessandro moved to dismiss on the basis of prosecutorial immunity. Midgley did not respond to appellant's suit in district court and did not file a brief on appeal.

The district court dismissed appellant's complaint. It reasoned that suit against Judges Pack and McIver was barred by judicial immunity and that suit against D'Alessandro was barred by prosecutorial immunity. The court also held that appellant's other allegations failed to state causes of action. Appellant filed a timely notice of appeal and the district court granted appellant leave to proceed *in forma pauperis*.

## DISCUSSION

On appeal, appellant appears to argue (1) that judicial immunity does not shield Judges Pack and McIver from the imposition of attorneys' fees and costs; (2) the State Attorney, D'Alessandro, is not im-

mune as he was not properly inducted into office; (3) that he does state a claim against all of the defendants; and (4) that his motions for court-appointed counsel and default judgment should have been granted. In response, Judge McIver, Judge Pack and D'Alessandro argue that they are shielded from liability by judicial and prosecutorial immunity. Wanicka, Yahl, and the Lee County Commissioners argue that Wahl's claims are moot, that the Lee County Commissioners are improper parties and that none of his allegations state a claim.

■ All of appellant's allegations concerning Judges McIver and Pack concern matters within their judicial role as the presiding judges in the criminal proceedings against appellant. It is firmly settled that judges are absolutely immune from civil liability "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1871). This immunity applies to proceedings under 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). The immunity, however, concerns only monetary liability and does not bar injunctive relief against judicial officers acting in their judicial capacity. *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984). Furthermore, judicial immunity does not bar an award of attorneys' fees under 42 U.S.C. § 1988. *Id.*, 104 S.Ct. at 1982. Thus, the district court's finding of judicial immunity is in error as appellant requested injunctive, not monetary, relief. The only prayer for monetary damages was in regard to D'Alessandro.[3] However, the district court's error was harmless because none of the relief requested in appellant's complaint or amendments thereto applies to the two judges. Thus, he does not state a claim against them. Furthermore, attor-

lief. The appellant obviously knew how to request monetary damages, having done so in plain language in regard to his allegations against D'Alessandro.

**3.** Insofar as the prayer for punitive damages may apply to the judges for their possible failure to prevent D'Alessandro from prosecuting the case, judicial immunity would prevent recovery.

neys' fees are inappropriate as appellant is not a prevailing party. *Leggett v. Badger*, 759 F.2d 1556, 1557 (11th Cir.1985).

■ The allegations against D'Alessandro concern matters within his role as the state attorney in charge of the prosecution against appellant. Prosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process. *Fullman v. Graddick*, 739 F.2d 553, 558 (11th Cir.1984). For example, they are absolutely immune from section 1983 claims that they offered false testimony or suppressed material at trial, filed charges without investigation or jurisdiction, filed groundless detainers, suppressed exculpatory evidence, refused to investigate prison complaints or threatened defendants with vindictive criminal prosecutions. *Id.* at 558–59. Thus, appellant's prayer for punitive damages is barred. His request for injunctive relief concerns issues applicable only to those responsible for the Lee County jail conditions and does not state a claim against D'Alessandro. The allegation that D'Alessandro was not properly inducted into office alleges violation of a state statute and does not automatically constitute a violation of constitutional rights necessary to sustain a section 1983 action. *Crocker v. Hakes*, 616 F.2d 237, 239 n. 2, 240 (5th Cir.1980). Appellant has not demonstrated and the record does not indicate that this alleged violation of state law affected any of his constitutional rights.

■ The brief suggestion that D'Alessandro colluded with Judge Pack to violate appellant's rights also does not state a claim as appellant failed to plead more than a general conclusory allegation of conspiracy. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.1984) ("naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action");

*Fullman*, 739 F.2d at 557 (discussing general requirements for conspiracy allegations).

■ Appellant's allegations against Midgley, the public defender, do not state a claim under section 1983 as Midgley did not act under "color of state law" notwithstanding his appointment as counsel by a judicial officer. *Richardson v. Fleming*, 651 F.2d 366, 368–69 n. 3 (5th Cir.1981).[4] Although an attorney may be sued under section 1983 if he conspired with someone who did act under color of state law, *id.* at 371, appellant made no such allegation.

■ The allegations made against Wanicka, Yahl, and the Lee County Commissioners all concern conditions at the Lee County Jail. Appellant's prayer for relief as it relates to these defendants is for injunctive measures to correct those conditions. Appellees argue that appellant has been moved to Cross City Correctional Institution and that his claims regarding the Lee County Jail are thus rendered moot.

■ This court is under a duty to review its jurisdiction of an appeal at any point in the appellate process. *Ray v. Edwards*, 725 F.2d 655, 658–59 n. 3 (11th Cir.1984). The record indicates that appellant has indeed been moved from the Lee County Jail. The docket cover sheet and appellant's motion and affidavit for leave to proceed *in forma pauperis* show a Cross City Correctional Institution address and earlier pleadings show a Butler Transfer Unit address. Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. *Dudley v. Stewart*, 724 F.2d 1493, 1494–95 (11th Cir.1984). Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects. *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38

**4.** This decision of the Fifth Circuit is binding on this court under the decision in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.) (en banc), in which this court adopted as binding all decisions of the Fifth Circuit handed down prior to October 1, 1981.

L.Ed.2d 674 (1974). Where a case becomes moot after the district court enters its judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot. *In Re Ghandtchi*, 705 F.2d 1315, 1316 (11th Cir. 1983).

 In regard to appellant's complaint that the district court should have appointed counsel, he has failed to demonstrate any entitlement to such action. Appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir.1982). Wahl has not shown the existence of exceptional circumstances. The essential facts and legal doctrines were ascertainable without the assistance of court-appointed counsel.

 The final issue on appeal is appellant's argument regarding the failure of the district court to order a default judgment entered against the defendants. Because the appeal is moot as it pertains to Wanicka, Yahl, and the Lee County Commissioners, this issue is discussed only as it relates to Judge McIver, Judge Pack, D'Alessandro and Midgley. The district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure. *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 887 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). The exercise of the authority is discretionary and is subject to review for abuse of discretion. Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions. The former Fifth Circuit has adopted the view that such action is too harsh except in extreme circumstances. *Id.* at 887–88. Moreover, we must respect the usual preference that cases be heard on

the merits rather than resorting to sanctions that deprive a litigant of his day in court. *Id.* at 888.

 Although it was error for the district court to ignore completely the motion for default judgment, exceptional circumstances that would justify entry of a default judgment are not present. Appellant has not shown that the delay prejudiced him in any way and, although there was unexplained delay, most of the defendants did answer the complaint within a short time after it was due. D'Alessandro pleaded excusable neglect and Midgley was never listed as a defendant on the docket cover sheet, probably because appellant neglected to list him in the case title. The strong preference that cases be heard on the merits and the fact that appellant's claims against most of the defendants were facially invalid lead us to conclude that the failure to enter a default judgment was not an abuse of discretion.

## CONCLUSION

We affirm the district court's judgment dismissing appellant's complaint as it relates to Judge McIver, Judge Pack, State Attorney D'Alessandro and Public Defender Midgley. Although appellant's suit for injunction against Wanicka, Yahl and the Lee County Commissioners is moot, it should have been dismissed by the district court without prejudice rather than simply dismissed. A dismissal without prejudice will allow appellant to refile his petition later if he is returned to the institution of which he now complains. That portion of the district court's order dismissing appellant's suit against Wanicka, Yahl and the Lee County Commissioners is therefore vacated and the case is remanded to allow the district court to enter a dismissal of those claims without prejudice. We have reviewed appellant's motions to supplement the record on appeal as well as the material proffered with them. Because we find that material not to be part of the record in this case, the motions are denied.

The judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED to the district court with instructions.