[DO NOT PUBLISH]

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**
_____

**No. 05-10016**
**Non-Argument Calendar**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-03106-CV-TMP

JOHNNY CARROLL,

Plaintiff-Appellant,

versus

CORRECTIONAL MEDICAL SERVICES,
RALPH HOOKS,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Northern District of Alabama**
_____

**(December 21, 2005)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

**PER CURIAM:**

Johnny Carroll, an Alabama prisoner proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 civil complaint and raises four separate issues concerning the district court's grant of summary judgment for Correctional Medical Services ("CMS") and the magistrate judge's denial of Carroll's motions for default judgment, for appointment of counsel, and for a jury trial.[1] First, Carroll argues that, because CMS did not answer or plead in response to his claim for almost one year, he was entitled to judgment by default. Carroll contends that CMS's inaction was deliberate and CMS's excuse for failure to plead was insufficient. Second, Carroll argues that he should have been appointed counsel because of his physical condition, the complexity of his case, and the nature of the rights involved. Carroll also contends that he was further hindered because he was housed in the medical unit or recuperating from surgery when the pleadings were filed. Third, Carroll asserts that CMS violated his constitutional rights by wrongly diagnosing him with Crohn's disease, failing to review his medical records that noted a change in his diagnosis, and delaying the reversal of his ileostomy, in violation of his Eight Amendment protection against cruel and unusual punishment. Fourth, Carroll argues that his demand for a jury trial was not

---

[1]Carroll does not raise any argument involving defendant Ralph Hooks. Therefore, such claims are abandoned. *See Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned").

untimely because the last pleading filed in his case was not the special report by CMS.

## I.

We review a decision to grant or deny a motion for default judgment for abuse of discretion. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam). Grant of default judgment "is a drastic remedy which should be used only in extreme situations." *Id*.

Here, Carroll moved for a default judgment against CMS after it failed to submit a special report within 60 days of the magistrate judge's order. In an order entered on September 30, 2003, the magistrate judge denied Carroll's motion because "[c]ounsel for [CMS] contacted the court [] and informed the court that counsel had not received a copy of the Order requesting that [CMS] file a special report in response to [Carroll's] allegations against it." In light of these circumstances and "the usual preference that cases be heard on the merits," *id*., the magistrate judge's denial of Carroll's motion was not an abuse of discretion.

## II.

"We review a . . . decision not to appoint counsel for an abuse of discretion." *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004) (per curiam). "Appointment of counsel in a civil case is not a constitutional right." *Fowler v.*

3

*Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Rather, "[i]t is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id*.

In this case, there were no exceptional circumstances that would require appointment of counsel, as the facts and legal issues were neither particularly novel nor complex. Therefore, the magistrate judge did not abuse his discretion when he denied Carroll's motions for appointment of counsel.

**III.**

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002). Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

4

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (internal quotation omitted). However, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation omitted). "An inmate who complains that [a] delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment to succeed." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002). "Whether this delay in treatment was tolerable depends on the nature of the medical need and the reason for the delay." *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003) (internal quotation omitted).

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id*. at 1243. A plaintiff must first show "an objectively serious medical need." *Id*.

5

He must then "prove that the prison official acted with an attitude of deliberate indifference to that serious medical need." *Id*. (quotation omitted).

Here, Carroll's condition was objectively serious as it was diagnosed by a physician who mandated treatment. However, Carroll has failed to show that CMS acted with deliberate indifference, as Carroll was examined, monitored, evaluated, and cared for regularly by physicians and nurses at the prison and local outside facilities. Accordingly, Carroll has not shown a violation of his Eighth Amendment rights, and the district court properly granted summary judgment for CMS.[2]

**IV.**

In addressing the issue of mootness, we have held that a claim "is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002) (per curiam). Jurisdiction may abate due to mootness when "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated

---

[2]We note that the magistrate judge, the district court, and Carroll in his initial brief, treat CMS as an individual, while CMS argues that it is a corporate entity and therefore is "not capable of 'personally' violating the constitutional rights of an individual." However, it is unnecessary to address this distinction, as Carroll has failed to establish a constitutional violation.

the effects of the alleged violation." *Id*. Because we have affirmed the district court's grant of summary judgment, Carroll's appeal of the denial of his motions for a jury trial is moot.

## Conclusion

Upon review of the record and consideration of the parties' briefs, we discern no reversible error in: (1) the magistrate judge's denial of Carroll's motion for default judgment; (2) the magistrate judge's denial of Carroll's motion for appointment of counsel; (3) the district court's grant of summary judgment in favor of CMS; or (4) the magistrate judge's denial of Carroll's motions for a jury trial. Accordingly, we affirm.

**AFFIRMED.**