[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

No. 05-13782
Non-Argument Calendar

_____

D. C. Docket No. 03-00410-CV-DF-5

D'ANTONIOUS M. OWENS,

Plaintiff-Appellant,

versus

STEVE BENTON,
Warden,
ANTHONY ROUSE,
Lieutenant, Baldwin State Prison,
KEITH WALKER,
Sergeant, Baldwin State Prison,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 5, 2006)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

D'Antonious M. Owens, proceeding pro se, appeals the district court's denial of his motions for default judgment and reimbursement of funds in his 42 U.S.C. § 1983 action against Steve Benton, the warden at Baldwin State Prison, Keith Walker, a sergeant at the prison, and Anthony Rouse, a lieutenant at the prison. Rouse did not make an appearance in this case.

I.

Owens argues that the district court abused its discretion when it failed to enter default judgment against the appellees as a result of their failure to file a timely answer. He asserts that after the district court confirmed that the appellees had been served and determined that the appellees had not filed a timely answer, it should have entered a default judgment. According to Owens, the court should not have allowed the appellees to file their answer out of time because their delay was inexcusable. Owens claims that he served the appellees with a copy of the complaint and a waiver of service form.

District courts have "the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). "The exercise

2

of the authority is discretionary and is subject to review for abuse of discretion."

Id. "Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions." Id. There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court. Id.

Federal Rule of Civil Procedure 55 provides that the clerk of court shall enter a party's default if the party fails to plead or defend an action brought against it as provided by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a). When a defendant has been defaulted for failure to appear, upon request by the plaintiff, the clerk shall enter judgment for the amount sought by the plaintiff if the amount is "for a sum certain or for a sum which can by computation be made certain." Fed.R.Civ.P. 55(b)(1). In all other cases, the party entitled to default judgment must apply to the court. Fed.R.Civ.P. 55(b)(2).

We review the district court's refusal to enter a default judgment for abuse of discretion. Wahl, 773 F.2d at 1174. In this case, the court clerk repeatedly informed Owens that he would not enter a default judgment because Owens had not filed adequate proof of service. The clerk noted that Owens's return of service forms were partially illegible and that the clerk could not tell if, or when, the proper parties had been served. The district court determined that a default

3

judgment was inappropriate when uncertainty existed as to service. Besides the uncertainty of service, the district court also held that the delay in response by Benton and Walker did not prejudice Owens. Rouse never filed an answer, but the district court held that there was insufficient evidence that he had ever been served.

We hold that the district court did not abuse its discretion by denying Owens's motion for default judgment and by allowing Benton and Walker to file their answer because the court was unable to determine if, or when, appellees were served. Even if the appellees were served, Owens has failed to assert any prejudice to his interests. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002) (noting that the plaintiff failed to show prejudice). "Entry of judgment by default is a drastic remedy which should only be used in extreme situations. . . ." Wahl, 773 F.2d at 1174. Benton and Walker filed their answer to Owens's complaint on November 29, 2004. Their answer contained several meritorious defenses. Because this court has a strong preference that cases be heard on the merits, the district court did not abuse its discretion in refusing to enter a default judgment.

## II.

Owens also argues that the Federal Rules of Civil Procedure establish that a defendant is required to pay the cost of service when he fails to comply with a

4

request to waive service of summons. Owens claims that he attempted to save the cost of serving the appellees with a summons, but the appellees failed to return the waiver of service form. He asserts that when he moved the court for reimbursement of funds, the district court abused its discretion by denying his motion.

We review a district court's decision to impose costs on a party for abuse of discretion. See e.g. Cochran v. EI duPont de Nemours, 933 F.2d 1533, 1540 (11th Cir, 1991) (considering award of costs under 28 U.S.C. § 1920 and Fed.R.Civ.P. 54). When a defendant fails to comply with a request for waiver of service of a summons, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." F.R.C.P. 4(d)(2).

The court did not abuse its discretion by denying Owens's motion for reimbursement because it was unclear whether the appellees were actually served with the waiver of service of summons, and the court, therefore, could not conclude that the appellees failed to comply with the waiver.

Upon review of the record and consideration of the parties' briefs, we find no reversible error. Accordingly, we affirm.

**AFFIRMED.**