[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16734

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01100-CV-RWS-1

C. ALAN POWELL, individually, and on behalf of
all others similarly situated,
TORY DUNLAP, individually, and on behalf of
all other similarly situated, et al.,

                                                        Plaintiffs Appellees
                                                        Cross-Appellants,

versus

SHERIFF JACQUELINE BARRETT,
Fulton County, State of Georgia,
SHERIFF MYRON FREEMAN,
Fulton County, State of Georgia, et al.,

                                                        Defendants-Appellants
                                                        Cross-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(August 23, 2007)**

Before BLACK and HULL, Circuit Judges, and RYSKAMP,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida, sitting by designation.

Plaintiffs, eleven male former detainees at the Fulton County Jail (the Jail),

filed a putative class action under 42 U.S.C. § 1983 against Sheriffs Myron

Freeman and Jacqueline Barrett, the current and former sheriffs of the Jail (the

Sheriffs), Fulton County (the County), the members of the Fulton County Board of

Commissioners (the Board), and the City of Atlanta (the City) (collectively,

Defendants).

Plaintiffs sue Sheriff Freeman in his official capacity for both monetary

damages and injunctive relief and in his individual capacity for monetary

damages. Plaintiffs sue Sheriff Barrett only in her individual capacity for

monetary damages. Plaintiffs also seek both monetary damages and injunctive

relief against the County and the City.

In their Fourth Amended Complaint (the Complaint), Plaintiffs claim their

constitutional rights were violated when they were detained past midnight on their

scheduled release dates, or "overdetained," pursuant to a policy or practice at the

Jail.[1] Defendants filed motions to dismiss the Complaint for failure to state a

claim, arguing, *inter alia*, Sheriff Freeman was entitled to Eleventh Amendment

---

[1]In their Complaint, Plaintiffs also claim their constitutional rights were violated when
they were subjected at the Jail to "blanket strip searches," or strip searches without an
individualized finding of reasonable suspicion that each Plaintiff was concealing weapons, drugs,
or other contraband. We discuss Plaintiffs' § 1983 claims against Defendants based on the
blanket strip searches in a separate, published opinion.

2

immunity, both Sheriffs were entitled to qualified immunity, and the County and the City lacked the requisite control over the policy at the Jail to be liable as municipalities under § 1983.  In an order dated July 5, 2005 (the Order), the district court granted in part and denied in part Defendants' motions to dismiss.[2] Specifically, the district court granted Eleventh Amendment immunity to Sheriff Freeman for Plaintiffs' overdetention claims against him in his official capacity seeking monetary damages; however, the district court denied the Sheriffs qualified immunity for Plaintiffs' overdetention claims against them in their individual capacities.  The district court also denied the County's and City's motion to dismiss the overdetention claims, finding that Plaintiffs had sufficiently alleged claims of municipal liability under § 1983 against the County and City.

In this appeal and cross-appeal, the parties challenge the district court's order.  After reviewing the parties' briefs and hearing oral argument, we affirm in part, reverse in part, and remand in part.

---

[2]The district court's July 5, 2005 order relies, in part, on a previous order dated January 13, 2005, in which the district court addressed the County's and City's motions to dismiss the First Amended Complaint.

3

# I. DISCUSSION

A. *Suit Against Sheriff Freeman in his Official Capacity for Monetary Damages*

We first address whether Sheriff Freeman is entitled to Eleventh Amendment immunity from suit in his official capacity seeking monetary damages. Under the Eleventh Amendment, a State is immune from suit in federal court without its consent. *Pennhurst State Sch. & Hosp. v.. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984). This immunity extends to an "arm of the State," which includes agents and instrumentalities of the State. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30, 117 S. Ct. 900, 903-04 (1997). "Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). We look at four factors to determine whether an entity is an "arm of the State": "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Id.* at 1309. In *Manders,* we examined Georgia law and held that the sheriff of Clinch County was entitled to Eleventh Amendment immunity as an "arm of the State" when he established and executed a use-of-force policy at the jail. *Id.* at 1328.

Although the policy in the instant case is different, our analysis in *Manders* applies to Sheriff Freeman's policy for processing the release of detainees. *See id.* at 1318-1328. We conclude that Sheriff Freeman, in his official capacity, is an "arm of the State" entitled to immunity in executing his function of processing the release of detainees from the Jail. We therefore affirm the district court's dismissal of Plaintiffs' overdetention claims for monetary damages against Sheriff Freeman in his official capacity.

B. *Suit Against Sheriff Freeman in his Official Capacity for Injunctive Relief*

The Eleventh Amendment does not prevent Plaintiffs from seeking prospective, injunctive relief against Sheriff Freeman in his official capacity. *See Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437, 124 S. Ct. 899, 903 (2004). Defendants maintain, however, that Plaintiffs lack standing to seek injunctive relief against Sheriff Freeman in his official capacity.[3] For purposes of this issue, we assume Plaintiffs sufficiently alleged a constitutional violation based on the alleged overdetentions at the Jail. All Plaintiffs, other than Stanley Clemons, had been released from the Jail before they were added as parties to this suit. We

---

[3]The district court dismissed Plaintiffs' claims for injunctive relief against the County, but it did not address Plaintiffs' claims for injunctive relief against Sheriff Freeman in his official capacity or against the City. On appeal, Defendants challenge Plaintiffs' standing to seek injunctive relief against Sheriff Freeman in his official capacity and against the City. However, because we dismiss Plaintiffs' overdetention claims against the County and the City *infra*, we need only address Plaintiffs' standing to seek injunctive relief against Sheriff Freeman in his official capacity.

5

agree with the district court that the threat they face of future overdetentions is too speculative or conjectural and not real and immediate. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 103 S. Ct. 1660, 1665 (1983). Clemons, however, was still at the Jail at the time he was added as a plaintiff to the suit and therefore has standing to seek injunctive relief against Sheriff Freeman in his official capacity.[4]

Nonetheless, as Defendants point out, Clemons has since been released from the Jail, which moots his claim for injunctive relief. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that claims regarding treatment at a facility at which prisoner was no longer incarcerated were moot); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985) (explaining that absent class certification, an inmate's claim for injunctive relief under §1983 action is moot once the inmate has been transferred). Clemons does not meet the two conditions for the "capable of repetition, yet evading review" exception to apply: (1) the challenged action must be of too short a duration to be fully litigated prior to its

---

[4]Although Clemons was still at the Jail when he was added as a party, all Plaintiffs–including Clemons–were released from the Jail before Sheriff Freeman took office. The suit against Sheriff Freeman in his *official* capacity is tantamount to a suit against the governmental entity involved, here the Sheriff's Office. *See Jones v. Cannon*, 174 F.3d 1271, 1293 n.15 (11th Cir. 1999). Thus, Plaintiffs' release from the Jail before Sheriff Freeman took office is relevant only to their suit against Sheriff Freeman in his *individual* capacity, as discussed *infra* in Section C.

cessation, and (2) a reasonable expectation must exist that the same complaining party will be subject to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 348 (1975). While the first condition may be satisfied, the second is not because Clemons has not demonstrated a reasonable expectation that he will again be arrested, committed to the Jail, and unconstitutionally detained. Therefore, we conclude Plaintiffs' claims for injunctive relief against Sheriff Freeman in his official capacity should be dismissed, and we remand to the district court to dismiss Plaintiffs' overdetention claims for injunctive relief against Sheriff Freeman in his official capacity.

## C. Suit Against the Sheriffs in their Individual Capacities for Monetary Damages

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Defendants challenge the district court's order denying Sheriffs Freeman and Barrett qualified immunity from Plaintiffs' claims against them for monetary damages in their individual capacities. We first note that, based on the allegations in the Complaint, all Plaintiffs were released from the Jail before Sheriff Freeman took office. Because Sheriff Freeman was not yet a sheriff at the Jail at the time the alleged overdetentions occurred, he cannot be responsible

7

for the alleged overdetentions in his individual capacity.  We therefore remand to the district court to dismiss Plaintiffs' overdetention claims against Sheriff Freeman for monetary damages in his individual capacity.

With respect to Sheriff Barrett, Defendants have not adequately preserved for appeal the district court's denial of qualified immunity from Plaintiffs' overdetention claims against her in her individual capacity.  Defendants failed to properly raise this as an issue in their consolidated, initial brief, making only a passing reference to it in a footnote.  Although Defendants discuss the issue in greater detail in their consolidated reply brief, the single footnote in the initial brief did not sufficiently preserve the issue.  A party may not argue an issue in its reply brief that was not preserved in its initial brief.  *See Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) (stating that single footnote in initial brief did not sufficiently preserve issue that was argued in reply brief); *see also United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (holding issue abandoned where, although the defendant made passing references to issue in brief, the references were undertaken as background to claims that he expressly advanced).  Our determination that Defendants failed to adequately raise this issue on appeal now is without prejudice to raise the issue before us at a later stage.

*D. Municipal Liability of the County and the City under § 1983*

To impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation, or was the "moving force" behind the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). We need not address whether Plaintiffs' allegations establish constitutional violations based on the overdetentions at the Jail because, even if they do, Plaintiffs have failed to otherwise establish claims of municipal liability against the County and City for any constitutional injuries based on those overdetentions.[5]

The County and City cannot be held liable under § 1983 based on their alleged "control" of the Sheriffs' overdetention policies at the Jail. With respect to the City, the district court correctly noted that Plaintiffs do not advance any allegations that the City controls the overdetention policies at the Jail. Although

---

[5]We note that although Defendants adequately raise the issue of municipal liability on appeal, they did not fully brief the first prong of the municipal liability analysis. Defendants did not specifically address whether the alleged overdetentions violated Plaintiffs' constitutional rights, but instead assumed constitutional violations and addressed only whether those rights were clearly established. Without having full briefing on the first prong, and because we conclude *infra* that Plaintiffs fail to satisfy the causation prong of the municipal liability analysis, we decline to address the constitutional issue.

9

Plaintiffs do allege that the County controls such polices, our precedent makes clear the Sheriffs do not act as policymakers for the County when performing their function of processing the release of inmates. *See Grech v. Clayton County*, 335 F.3d 1326, 1332 (11th Cir. 2003) (en banc); *Manders*, 338 F.3d at 1328. Thus, the overdetention polices at the Jail cannot be attributed to the County or the City.

Plaintiffs identify another set of "policies" which they claim the City and County do control, namely the County's and the City's policies of committing arrestees to the Jail through their respective police departments. Nonetheless, even if such policies evidenced a "deliberate indifference" to Plaintiffs' constitutional rights, Plaintiffs have not alleged the requisite causation between such policies and the alleged constitutional violations that resulted from the Sheriffs' conduct in managing the release process at the Jail, over which the County and City have no control. Based on the conclusory allegations in the Complaint, we cannot conclude that placement of arrestees at the Jail was the "moving force" that animated the behavior of the Sheriffs resulting in the constitutional injuries. We reverse the district court's denial of the County's and City's motions to dismiss the overdetention claims.

## II. CONCLUSION

Accordingly, we affirm the district court's dismissal of the overdetention claims for *monetary damages* against Sheriff Freeman in his *official capacity*; we remand for the district court to dismiss Plaintiffs' overdetention claims for *injunctive relief* against Sheriff Freeman in his *official capacity*; we remand for the district court to dismiss Plaintiffs' overdetention claims for *monetary damages* against Sheriff Freeman in his *individual capacity*; and we reverse the denial of the County's and the City's motions to dismiss Plaintiffs' overdetention claims against them.

We do not address Plaintiffs' overdetention claims for monetary damages against Sheriff Barrett in her individual capacity. Thus, only Plaintiffs' overdetention claims for monetary damages against Sheriff Barrett in her individual capacity will remain after remand consistent with our instructions. Nothing herein rules on the merits of those claims or on whether Plaintiffs' allegations state a constitutional violation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART**.