[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12346
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-80307-CV-WPD

EDWARD RONNIE BURNS,

Plaintiff-Appellant,

versus

RICHARD L. JORANDBY,
as Senior Public Defender for the
Palm Beach County District,
JON MAY,
as Assistant Public Defender assigned
to the Palm Beach District of Florida,
Individually and in their Official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Ronnie Burns, a pro se state prisoner, appeals the dismissal of his 42 U.S.C. § 1983 action against Florida public defenders Richard L. Jorandby and Jon May. In his complaint, Burns alleged that Jorandby and May represented him in his 1980 direct criminal appeal and 1982 federal petition for a writ of habeas corpus without first having been formally appointed by the courts to do so, thereby violating his constitutional right to counsel. The district court dismissed his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

We review de novo a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997). In an in forma pauperis proceeding, the district court shall dismiss the case at any time if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff's complaint should be liberally construed and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Phillips v. Mashburn, 746 F.2d 782, 784 (11th Cir. 1984).

Upon careful review of the record and upon consideration of Burns's brief,

we discern no reversible error. Section 1983 requires the defendant to have acted "under color of state law." Polk County v. Dodson, 454 U.S. 312, 315, 102 S. Ct. 445, 448 (1981). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325, 102 S. Ct. at 453; see also Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). The Complaint alleges that Jorandby and May violated Burn's rights during their representation of him. Therefore, taking the allegations in his complaint as true, neither defendant was acting under color of state law, and neither may be sued under section 1983. Therefore, Burns failed to state a claim against either Jorandby or May.

For the foregoing reasons, we affirm the judgment of the district court.[1]

AFFIRMED.

---

[1] Burns further contends that the district court erred in finding his complaint barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994), and by the four-year statute of limitations. Because we hold that the complaint failed to state a claim on which relief may be granted, we do not address Burns's remaining arguments.