[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12932
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cv-60030-JIC

ERIC WATKINS,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF,
BROWARD COUNTY MAIN JAIL,
JOSEPH CONTE JAIL FACILITY,
BROWARD COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 7, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Watkins, a former Florida state pretrial detainee proceeding *pro se*, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action, which he filed while in custody. Watkins raises two issues on appeal. First, he argues that the district court erred in dismissing his compensatory damages claim for failure to allege a physical injury. Second, Watkins argues that the district court erred in dismissing his claim for declaratory and injunctive relief on mootness grounds.

A court shall dismiss a case filed *in forma pauperis* if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review a district court's *sua sponte* dismissal for failure to state a claim *de novo*, "viewing the allegations in the complaint as true." *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The Prison Litigation Reform Act provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The term "prisoner," as used in § 1997e, is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 42 U.S.C. § 1997e(h). Section 1997e(e)'s limitation on recovery applies to

2

all federal claims, including claims for constitutional violations.  *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000).

Because Watkins filed his complaint while detained in a facility and accused of violations of criminal law, he qualified as a "prisoner" for the purposes of 42 U.S.C. § 1997e.  His complaint sought recovery for emotional distress suffered while in custody and did not allege a physical injury.  Under § 1997e(e), these types of claims are prohibited.  42 U.S.C. § 1997e(e).  Accordingly, we conclude that the district court did not err in dismissing Watkins's claim for damages, and we affirm.

We review the question of mootness *de novo*.  *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1268 (11th Cir. 2006).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000).  "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed."  *Id.* at 1217.  An inmate's claims for injunctive and declaratory relief in a § 1983 action become moot once the inmate has been transferred.  *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

3

An exception to the mootness doctrine arises when a claim is "capable of repetition yet, evading review." *Arcia v. Sec'y of Fla*., 772 F.3d 1335, 1342-43 (11th Cir. 2014).  The exception is limited to situations where (1) the challenged action is too short in duration to be fully litigated prior to its cessation, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.  *Id*. at 1343.  The exception requires a "demonstrated probability" that the same controversy will recur involving the same complaining party.  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

We conclude that Watkins's claims for declaratory and injunctive relief became moot upon his release from custody.  Watkins's release deprived the district court of its ability to give meaningful relief, and the district court was therefore required to dismiss the claims as moot.  Further, because Watkins has not shown a "demonstrated probability" that he will return to jail in the future, his claims do not qualify for the "capable of repetition, yet evading review" exception to the mootness doctrine.  *See Murphy*, 455 U.S. at 482.  Accordingly, the district court properly dismissed Watkins's claims for declaratory and injunctive relief, and we affirm.

**AFFIRMED.**