[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10855

Non-Argument Calendar

_____

JAMES NATHANIEL DOUSE,

Plaintiff-Appellant,

*versus*

NEAL COMMUNITIES OF SOUTHWEST FLORIDA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01587-MSS-TGW

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Plaintiff James Douse, proceeding *pro se*, appeals the district court's dismissal of his lawsuit against defendant Neal Communities of Southwest Florida, Inc. On appeal, he argues first that the magistrate judge improperly denied his request for entry of a clerk's default and second that the district court erred when it later denied his motion for a default judgment. Because we lack jurisdiction to review the magistrate judge's order, we dismiss the appeal as to the first issue. Because the district court did not abuse its discretion in denying the motion for entry of a clerk's default, we affirm as to the second issue.

## I.

After Douse purchased a home in Florida from Neal Communities, he sued the company in the Middle District of Tennessee, bringing various claims under federal law. Neal Communities timely filed a motion to dismiss, arguing that the district court lacked personal jurisdiction over the company and that venue was improper in the Middle District of Tennessee. It also argued that the complaint failed to state a claim for relief. The district court in the Middle District of Tennessee determined that the case should be transferred to the Middle District of Florida and denied the motion to dismiss without prejudice.

21-10855                Opinion of the Court                3

After the case was transferred, the district court directed Neal Communities to let the court know whether it wanted to reinstate its motion to dismiss. The company failed to respond to the order, but the district court *sua sponte* reviewed Douse's complaint and decided that it was an impermissible shotgun pleading. The court dismissed the complaint without prejudice but allowed Douse to file an amended complaint.

Douse then filed an amended complaint, bringing claims against Neal Communities under several federal statutes. Under the Federal Rules of Civil Procedure, Neal Communities had 14 days to file its response to the amended complaint. *See* Fed. R. Civ. P. 15(a)(3). About three weeks after Douse filed and served the amended complaint, Neal Communities filed its motion to dismiss, arguing that the amended complaint failed to state a claim for relief.

Douse then moved for a default judgment, which the district court denied. The district court explained that Federal Rule of Civil Procedure 55 established a two-step procedure for obtaining a default judgment when a defendant failed to plead or otherwise respond to the lawsuit. First, the clerk of court must enter a clerk's default. Second, after entry of a clerk's default, the court may enter a default judgment. The court explained that Douse failed to comply with this two-step procedure because he did not seek a clerk's default before filing his motion for default judgment. But even assuming Douse had followed the procedures, the court concluded that no default judgment was warranted because Neal

Communities had responded to the amended complaint when it filed its motion to dismiss. Although the motion was untimely, the court found that the delay was brief and did not prejudice Douse.

Douse then filed a request for the clerk to enter a default against Neal Communities. He argued that the record "demonstrated that there has been a failure to plead or otherwise defend." Doc. 48.[1] Douse also filed a second motion for default judgment, requesting that the district court enter a $10 million judgment against Neal Communities.

The magistrate judge reviewed Douse's request for entry of a clerk's default and denied the request. The magistrate judge explained that Neal Communities had filed a response to the amended complaint, and thus Douse was not entitled to entry of a clerk's default.

A week later, the district court granted Neal Communities' motion to dismiss, concluding that Douse had failed to state a claim for relief in his amended complaint. In the same order, the district court denied Douse's second motion for default judgment. The court again explained that no clerk's default had been entered against Neal Communities. The court further concluded that the extreme sanction of a default judgment was not warranted because Neal Communities had responded to the amended complaint, and its untimely response did not prejudice Douse.

---

[1] "Doc." numbers are the district court's docket entries.

This is Douse's appeal.

## II.

"We review the denial of a motion for a default judgment for abuse of discretion." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). Although "we read briefs filed by *pro se* litigants liberally, issues not briefed by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

## III.

We liberally construe Douse's brief as raising two arguments on appeal: (1) the magistrate judge erred in denying his request for entry of a clerk's default, and (2) the district court erred in denying his second motion for default judgment. We address each argument in turn.

### A.

Before we can consider Douse's argument that the magistrate judge erred in denying his request that the clerk enter a default, we must examine whether we have jurisdiction. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Wise Alloys, LLC*, 807 F.3d 1258, 1266 (11th Cir. 2015) ("We must *sua sponte* examine the existence of appellate jurisdiction[.]").

A district court may designate a magistrate judge to "hear and determine any pretrial matter pending before the court" with

limited exceptions. 28 U.S.C. § 636(b)(1)(A). A litigant may seek further review of a magistrate judge's ruling on a non-dispositive pretrial order, but such "[a]ppeals . . . *must* be to the district court." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) (emphasis added).[2] We "are without jurisdiction to hear appeals directly from" orders of federal magistrate judges. *Id.*

Here, Douse challenges the magistrate judge's non-dispositive pretrial order denying his request for a clerk's entry of default. Because he never appealed the magistrate judge's order to the district court, this challenge "amount[s] to an appeal directly from the magistrate judge's ruling," which we lack jurisdiction to review. *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009). Accordingly, we dismiss this portion of Douse's appeal.[3]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] In some cases, we have not treated the requirement that a party must appeal a magistrate judge's ruling to the district court as jurisdictional in nature. *See, e.g.*, *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003). But, to the extent that such decisions conflict with *Renfro*'s holding that the requirement is jurisdictional, we are bound by *Renfro*, which is the earlier decided case. *See Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1328 (11th Cir. 2020) (explaining that when there is a conflict in our precedent, "our prior panel precedent rule dictates that we follow the earlier decision").

*B.*

We now turn to the other issue that Douse raises on appeal: that the district court erred when it denied his second motion for default judgment. "[J]udgment by default is a drastic remedy which should be used only in extreme situations." *Mitchell*, 294 F.3d at 1316–17 (internal quotation marks omitted). We have previously warned that "we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Id.* at 1317 (internal quotation marks omitted).

Here, we cannot say that the district court abused its discretion when it denied Douse's second motion for a default judgment. It is true that Neal Communities failed to meet some deadlines set by the court, including the deadline to file its motion to dismiss the amended complaint. But Neal Communities filed a motion to dismiss the amended complaint before Douse moved for a default judgment, and there is no indication that the relatively brief delay prejudiced Douse. In these circumstances, we cannot say that the district court abused its discretion in determining that exceptional circumstances were not present and denying the motion for entry of clerk's default. *See id* (concluding district court did not abuse its discretion when defendant filed its motion to dismiss "after the deadline for responsive pleadings"); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (holding that district court did not abuse its discretion in failing to enter default when the defendants filed their answers after the deadline for their response).

We thus conclude that the district court did not abuse its discretion in denying Douse's motion for a default judgment.[4]

## IV.

For the above reasons, we affirm in part and dismiss the appeal in part.[5]

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[4] In the same order that denied Douse's second motion for default judgment, the district court also granted Neal Communities' motion to dismiss. Because Douse does not argue on appeal that the district court erred in dismissing the amended complaint for failure to state a claim for relief, he has abandoned any challenge to this portion of the order. *See Timson*, 518 F.3d at 874.

We have previously explained that a district court may enter a default judgment under Federal Rule of Civil Procedure 55 only if the plaintiff's complaint states a claim for relief. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). The district court's conclusion that Douse's complaint failed to state a claim for relief provides an alternative reason why the court did not abuse its discretion in declining to enter a default judgment.

[5] Also pending before the Court are Douse's motions for a writ of garnishment and for a writ of execution, in which he seeks to collect on the alleged $10 million default judgment that he says the district court entered against Neal Communities. But the district court denied his motion for entry of default, and, as we explained above, it did not abuse its discretion in doing so. Douse has no $10 million default judgment; these motions are DENIED.