[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10752

Non-Argument Calendar

————————————————

GENE E. OLUFEMI,

Plaintiff-Appellant,

*versus*

EXCLUSIVE ASSOCIATION MANAGEMENT,
c/o Julie Stephens, Registered Agent,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-01391-SEG

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Gene Olufemi filed a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, against the property management company Exclusive Association Management ("EAM"). Olufemi proceeded *pro se* below and is proceeding *pro se* on appeal. On appeal, Olufemi raises three issues related to the district court's handling of various motions that he filed and challenges the court's ultimate dismissal of his claim on two grounds.

First, he argues that the district court should have reversed its stay of proceedings upon his motion—which the court construed as a motion to reconsider—because the stay was based on the erroneous finding that it was unopposed. Second, he argues that the district court should have granted his motion for default judgment because he did not receive EAM's answer until after the deadline had passed. Third, he argues that the district court should not have denied his motion for summary judgment as premature because discovery should not have been stayed.

On the merits, he argues that the district court erred in granting EAM's motion to dismiss his FDCPA claim. He argues that his claims were not precluded under the *res judicata* doctrine because his claim is for a continuing wrong and because the state court in a prior related proceeding did not allow him to present his

exhibits. Finally, he argues that EAM is a debt collector within the meaning of the FDCPA.

## I.

We review a district court's decision to stay discovery for an abuse of discretion. *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, or follows improper procedures in making its decision." *Id.* The district court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Dispositive motions that present purely legal questions—such as a motion to dismiss for failure to state a claim—should be resolved before discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Discovery imposes high costs on the court and on litigants in time and resources, and thus, any claim that is not viable should be dismissed before discovery whenever possible. *See id.* at 1367-68. When there is a pending motion that presents a purely legal question and is likely to be dispositive, a district court may stay discovery pending the resolution of the motion. *See Isaiah*, 960 F.3d at 1308-09.

Here, regardless of how the motion was construed, the district court did not abuse its discretion in denying Olufemi's motion opposing the stay of discovery. *Isaiah*, 960 F.3d. at 1308. EAM's motion to dismiss presented three questions that were potentially dispositive on Olufemi's FDCPA claim: (1) whether the court had

subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) whether the doctrine of res judicata barred his claims; and (3) whether Olufemi failed to state a claim. Because the motion to dismiss presented a potential resolution to the case that required no further findings of fact, this Court's precedent dictates that the district court should rule on the motion before discovery. *Chudasama*, 123 F.3d at 1367. A stay of discovery pending the resolution of the motion was an appropriate way for the district court to do so. *Isaiah*, 960 F.3d at 1308-09.

Even if Olufemi had timely responded to the motion, he offered no reason other than his opposition why the district court should not have granted the stay. Contrary to Olufemi's assertion that the district court offered no explanation for the stay other than his lack of opposition, the court also stated it was staying proceedings "in the interest of efficiency." Given the high costs of discovery and the preference for deciding dispositive, purely legal motions before those costs are incurred, the district court was well within its discretion when it stayed proceedings and when it continued the stay over Olufemi's objection. *Chudasama*, 123 F.3d at 1367-68.

## II.

We review a denial of default judgment for abuse of discretion. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Default judgment is discretionary and should only be used in "extreme situations" because of the "strong preference" for deciding cases on the merits. *Id.*

The district court did not abuse its discretion when it denied Olufemi's motion for default judgment because the record indicates that EAM's answer was timely filed and served. EAM was served with the complaint on May 16, 2022, so the deadline to serve its answer was June 6, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). According to the certificate of service, EAM filed and served its answer on June 3, 2022, three days before the deadline. Fed. R. Civ. P. 5(b)(2)(C). Olufemi maintains that he never received the answer by mail. Even if this were enough to show that service was untimely, Olufemi received the answer via email on June 21, 2022, before any meaningful action in the case, and thus was not prejudiced. Given the strong preference for deciding a case on the merits, the district court's denial of default judgment was not an abuse of discretion.

## III.

We review "the district court's grant or denial of summary judgment *de novo*, applying the same legal standard as the district court." *Thai Meditation Ass'n of Alabama, Inc. v. City of Mobile, Alabama*, 83 F.4th 922, 926 (11th Cir. 2023). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party must support its factual assertions by citing evidence in the record. *Id.* 56(c)(1). Thus, "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Florida Dept. of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013).

The district court did not err in denying Olufemi's motion for summary judgment as premature because EAM did not have an opportunity to discover evidence to support its opposition.

**IV.**

We generally review *de novo* a grant of a motion to dismiss for failure to state a claim and may affirm on any basis supported by the record, regardless of whether the district court relied on that basis. *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023). However, when a party fails to object to a magistrate judge's findings or recommendations contained in a report and recommendation ("R&R"), that party waives the right to challenge on appeal the district court's order based on unobjected-to legal conclusions, so long as the party was informed of the period for objecting and the consequences of failing to object. 11th Cir. R. 3-1. In the absence of a proper objection, however, we may review on appeal for plain error if necessary in the interests of justice. *Id.*

Res judicata prevents parties from relitigating issues already decided by a competent court. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). "In considering whether to give preclusive effect to state-court judgments under res judicata . . . the federal court must apply the rendering state's law of preclusion." *Id.* Under Georgia law, a claim is precluded if the following elements are met: "(1) identity of the cause of action, (2) identity of the parties or their privies, (3) previous adjudication on the merits

by a court of competent jurisdiction," and (4) final judgment. *Id.* at 1265 n.21 (citing O.C.G.A. § 9-12-40).

Olufemi waived his right to appeal the district court's finding that his claims were precluded under the *res judicata* doctrine because he did not challenge the magistrate judge's legal conclusion in the R&R and he was advised of the consequences of failing to object. He does not argue that the interest of justice demands that we review the issue, and the interest of justice does not so demand because, as discussed below, the motion to dismiss may be affirmed on other grounds.

Even if Olufemi's *res judicata* challenge were not waived, the district court did not err because Olufemi's FDCPA claim was precluded. *Strong*, 651 F.3d at 1263. His state court and federal claims involved the same subject matter, cause of action, and parties, and the state court had jurisdiction and reached a final judgment on the merits. *Strong*, 651 F.3d at 1263. Thus, the district court did not err in finding that Olufemi's claim was precluded.

## V.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the complaint must contain sufficient facts such that a court could draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The pleading need not contain "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In considering a motion to dismiss, courts "are not

bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

The FDCPA only applies to "debt collectors." *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1302 (11th Cir. 2012). "[N]ot all who collect debts are 'debt collectors'" within the meaning of the statute. *Id.* A "debt collector" is a person who regularly collects or attempts to collect the debts owed to another, but it does not include employees of creditors or entities that collect debt incidental to a *bona fide* fiduciary obligation. 15 U.S.C. § 1692a(6).

Here, the district court did not err in granting EAM's motion to dismiss because Olufemi's complaint failed to state a claim. *Iqbal*, 556 U.S. at 678. To bring a claim under the FDCPA a plaintiff must show that the defendant is a debt collector, which means more than an entity who collects debts. *See Harris*, 702 F.3d at 1302. Olufemi's complaint merely stated that EAM contacted him about an alleged debt throughout 2021. He did not include any facts about what sort of entity EAM is, what the alleged debt was, whether EAM was attempting to collect the debt for itself or another entity, or any other information that would be necessary for a court to determine whether EAM was a debt collector within the meaning of the FDCPA. 15 U.S.C. § 1692a(6). Rather, Olufemi's statement of the case was "an unadorned, the-defendant-unlawfully-harmed-me accusation." Dist. Ct. Doc. 1 at 4; *Iqbal*, 556 U.S. at 678. Because Olufemi's complaint did not contain sufficient facts such that a court could draw a reasonable inference that EAM was

23-10752              Opinion of the Court                    9

a debt collector within the meaning of the statute, the district court did not err in granting EAM's motion to dismiss.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**