[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16291
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61429-RSR


MICHAEL D. GRIDER,

                                                      Plaintiff-Appellant,


versus


PHYLLIS DIANE COOK,
SYED MUHAMMED FAISAL AFZAL,
individually and in their capacity as Assistant Public
Defender in the law Office for the Broward County Public Defender,
BROWARD COUNTY SHERIFF'S OFFICE,
BROWARD COUNTY, FLORIDA,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2013)

Before TJOFLAT, BARKETT, and PRYOR, Circuit Judges.

PER CURIAM:

Michael Grider, a Florida pre-trial detainee proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights complaint against Phyllis Cook and Syed Muhammed Faisal Afzal, individually and in their official capacities as Broward County assistant public defenders, the Broward County Sheriff's Office, and Broward County.  At the time Grider filed the complaint, he had been arrested and was being detained on arson charges.  The district court dismissed Grider's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

In his complaint, Grider asserted as follows.   Since before the time of his arrest, he has been subjected to an unlawful psychiatric program that was imposed upon him without notice, a hearing, or an opportunity to object.  His public defender, Cook, obtained an order declaring Grider incompetent to stand trial without Grider's consent and with full knowledge that Grider was not mentally ill.  Grider's public defender in the mental health court, Azfal, ignored Grider's demands to file a motion for reconsideration of the state trial court's incompetency ruling.  While in the custody of Broward County Sheriff's Office as part of the psychiatric program, Grider has suffered numerous due process violations.  Grider alleges that the actions of Cook and Azfal, the Broward County Sheriff's Office,

2

and Broward County were part of an established custom or policy and were the result of a conspiracy against Grider for the purpose of humiliating and embarrassing him.  He sought a writ of habeas corpus, in addition to monetary, injunctive, and declaratory relief.

On appeal, Grider argues that the district court erred in dismissing his complaint for failure to state a claim because the district court did not take the allegations in his complaint as true and relied on information outside of the complaint, specifically his state criminal proceedings.   He also argues that even if dismissal was appropriate, he should have been given the opportunity to amend.

## I.    Failure to State a Claim

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and view the allegations in the complaint as true. [1]   *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). The facts as pleaded must state a claim for relief that is "plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will

---

[1] The statute provides that, for parties proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

3

not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (brackets

omitted). [2]

Viewing the allegations in Grider's complaint as true, the district court

properly dismissed his complaint for failure to state a claim. As to Grider's

requested relief seeking a writ of habeas corpus and his immediate release, this

relief is not cognizable under § 1983. *See Bradley v. Pryor*, 305 F.3d 1287, 1289

(11th Cir. 2002) ("[H]abeas corpus [rather than § 1983] is the exclusive remedy for

a state prisoner who challenges the fact or duration of his confinement and seeks

immediate or speedier release." (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

The district court also found Grider's claims for monetary damages stemming from

his confinement barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which

held that an action for damages under § 1983 is not cognizable if a judgment in the

plaintiff's favor on that action "would necessarily imply the invalidity of his

conviction or sentence," and the conviction or sentence has not been reversed,

expunged, or invalidated. This holding was in error because even if the *Heck* bar

applies to pretrial detainees, a proposition drawn into question by the Supreme

---

[2] Although Grider argues that the district court relied on information not contained in the complaint, the district court was permitted to take judicial notice of Grider's state court criminal proceedings, which indicated that Grider had been charged with first degree arson and that he had received a competency hearing. *See Lozman v. City of Riviera Beach, Fla.*, No. 11-15448, manuscript op. at 14 n.9 (11th Cir. April 1, 2013) (permitting judicial notice of court documents from a state eviction action at the 12(b)(6) stage without converting the matter to summary judgment proceedings). In any event, as the district court correctly noted, none of the facts of which it took judicial notice affected the dismissal ruling.

Court in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the principles of *Heck* are not applicable to Grider's claims. That is because his claims, as stated in his complaint, turn on his conditions of confinement, incompetency status, and being subjected to a psychiatric program before his arrest for arson, and any potential judgment for money damages related to those claims would not "necessarily imply the invalidity of his [potential future] conviction or sentence." *Heck*, 512 U.S. at 487. However, for the reasons discussed below, Grider failed to adequately allege facts that would support his claims for damages and his claims were therefore properly dismissed.

With respect to Grider's claims against Cook and Azfal, Grider's public defenders in his criminal proceeding, the Supreme Court has held that public defenders do not act under color of state law when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," and thus, they are not liable under 42 U.S.C. § 1983 for such actions. *Polk County v. Dobson,* 454 U.S. 312, 318, 325 (1981). Consequently Cook and Azfal may not be sued under § 1983 for their actions taken in connection with representing Grider before the state trial and mental health courts. Although Grider attempted to bring Cook and Azfal within the realm of § 1983 by alleging that they conspired with the Broward County Sheriff's Office and Broward County to intentionally embarrass and harass him, *see Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (noting

5

that "an attorney may be sued under section 1983 if he conspired with someone who did act under color of state law"), Grider provided nothing more than a "general conclusory allegation of conspiracy" which will not support such a claim. *Id.* at 1173.

As to Grider's claims against the Broward County Sheriff's Office and Broward County, Grider stated nothing more than conclusory allegations of constitutional violations. *Twombly*, 550 U.S. at 555. Grider provided a formulaic recitation of a claim under *Monell v. Department of Social Services*[3] by stating that "defendants' conduct was the product of an official policy or unofficial custom," but he did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation. *Twombly*, 550 U.S. at 555. Accordingly, we affirm the district court's dismissal of Grider's complaint for failure to state a claim.

## II. Dismissal with Prejudice

We have held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am.*

---

[3] *Monell* provides that while "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," it may nonetheless be responsible under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." 436 U.S. 658, 694 (1978).

*Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (holding that a district court is not required to *sua sponte* grant leave to amend to counseled plaintiffs who never requested leave to amend, but noting that this holding does not disturb a *pro se* litigant's right to amend).  Although a *pro se* litigant must generally be permitted to amend his complaint, a district court need not allow amendment where amendment would be futile, or in other words, still subject to dismissal.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

As discussed above, Grider's requests for a writ of habeas corpus and immediate release are not cognizable under § 1983.  However, with respect to his § 1983 damages claims, those claims failed because Grider did not support his conclusory allegations with sufficient facts.  Because it is not clear that these claims would otherwise be subject to dismissal, the district court erred in dismissing these claims with prejudice because as a *pro se* litigant Grider should have been given at least one opportunity to amend.  *Bank*, 928 F.2d at 1112.  In an amended complaint, Grider could submit additional facts to support his conclusory allegations of a conspiracy or a county "pattern" or "practice" that led to the violation of his constitutional rights.  Although it is possible that there are additional facts that would preclude his claims or that he would be unable to marshal sufficient facts to plausibly state a claim, it is not apparent from the face of his complaint that he should not be entitled to at least one opportunity to amend.

7

Should Grider properly state a claim on remand, the district court can consider whether any immunities or abstention would apply to the otherwise properly stated complaint.  Therefore, we vacate and remand to the district court to provide Grider the opportunity to amend his complaint.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**