[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11658
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61429-RSR

MICHAEL D. GRIDER,

Plaintiff-Appellant,

versus

PHYLLIS DIANE COOK,
Individually and in her official capacity as Assistant Public
Defender in the Broward County Office of Public Defender,
BROWARD COUNTY SHERIFF'S OFFICE,
BROWARD COUNTY,
SANDRA MULLGRAV and KEVIN RAUDER,
Individually and in their official capacity as Counsel
with the Office of Regional Conflict Counsel,
JOHN DOES 1-10,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2014)

Before HULL, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Michael Grider, a Florida prisoner, pro se appeals the district court's sua sponte dismissal of his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  After a review of Grider's brief and the record, we affirm.

## I. BACKGROUND

This is the second appeal in this case.  We review what happened before this.

### A.    Initial Complaint and Subsequent Dismissal

On July 17, 2012, Grider filed a 42 U.S.C. § 1983 civil rights complaint against four defendants: (1) attorneys Phyllis Cook and Syed Muhammad Faisal Afzal,[1] individually and in their official capacities as Broward County assistant public defenders, (2) the Broward County Sheriff's Office, and (3) Broward County.

In his initial complaint, Grider alleged that he was subjected to an unlawful psychiatric program that was imposed upon him without notice, a hearing, or an opportunity to object.  He claimed that Cook, his public defender in criminal court, obtained an order declaring Grider incompetent to stand trial without Grider's consent and with full knowledge that Grider was not mentally ill.  Grider claimed

---

[1]The record includes references to this attorney that misspell his name.  The Florida Bar directory indicates that the correct spelling of his name is Syed Muhammad Faisal Afzal.

2

that Afzal, his public defender in mental health court, ignored Grider's instructions for him to file a motion for reconsideration of the incompetency ruling.

Grider also alleged that while in the custody of Broward County Sheriff's Office, he suffered numerous due process violations, including being medicated against his will. Grider alleged that the actions of Cook, Afzal, Broward County, and the Broward County Sheriff's Office were part of an established custom or policy and were the result of a conspiracy against Grider.

On September 5, 2012, the magistrate judge recommended that Grider's initial complaint be dismissed for failure to state a claim. Grider objected. The district court overruled Grider's objections, adopted the magistrate judge's report, and dismissed Grider's complaint with prejudice.

## B.    First Appeal and Remand to Grant Grider Leave to Amend

Grider timely appealed the dismissal of his initial complaint. On appeal, this Court noted that Grider had been charged with first degree arson and that he had received a competency hearing. Grider v. Cook, 522 F. App'x 544, 546 n.2 (11th Cir. 2013).[2] We held that the district court did not err in dismissing Grider's complaint for failure to state a claim. Id. at 548.

With regard to public defenders Cook and Afzal, this Court noted that "the Supreme Court has held that public defenders do not act under color of state law

_____

[2]While the record does not reveal the date, Grider was convicted of arson and willful damage to a dwelling. In June 2013, he was sentenced to five years' imprisonment.

3

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, and thus, they are not liable under 42 U.S.C. § 1983 for such actions." Id. at 547 (quotations omitted). We then held that Cook and Afzal

> may not be sued under § 1983 for their actions taken in connection with representing Grider before the state trial and mental health courts. Although Grider attempted to bring Cook and Azfal [sic] within the realm of § 1983 by alleging that they conspired with the Broward County Sheriff's Office and Broward County to intentionally embarrass and harass him, Grider provided nothing more than a "general conclusory allegation of conspiracy" which will not support such a claim.

Id. (citations omitted).

With regard to the municipal defendants, this Court held that Grider failed to state a claim because he "stated nothing more than conclusory allegations of constitutional violations" and "provided a formulaic recitation of a claim" without pleading "any specific facts about any policy or custom that resulted in his alleged constitutional deprivation." Id. at 547-48.

However, we held that the district court erred by dismissing the complaint with prejudice. Id. at 548. Specifically, we noted that in an amended complaint, "Grider could submit additional facts to support his conclusory allegations of a conspiracy or a county 'pattern' or 'practice' that led to the violation of his constitutional rights." Id. Accordingly, we vacated the district court's dismissal

4

with prejudice and remanded to allow Grider an opportunity to amend his complaint.

## C.    Amended Complaint and Subsequent Dismissal

Upon remand, Grider filed an amended complaint that dropped public defender Afzal as a defendant but kept as defendants public defender Cook, the Broward County Sheriff's Office, and Broward County.  The amended complaint also added as defendants (1) attorneys Sandra Mullgrav and Kevin Raudt, individually and in their official capacities; and (2) John Does 1-10, whose identities Grider did not know.  Mullgrav, from the Office of Criminal Conflict and Civil Regional Counsel,[3] represented Grider as court-appointed counsel in the state criminal proceedings when public defender Cook withdrew from her representation of Grider.  When Mullgrav withdrew from her representation of Grider, the state court appointed Raudt, from the same office, to represent Grider.

Grider's amended complaint, filed on December 26, 2013, consisted of a § 1983 claim and a state-law claim for intentional infliction of emotional distress. In regard to the § 1983 claim, Grider alleged that his arrest "was the direct result of a program of psychiatric programming and behavior modification therapy that has been carried out surreptitiously and without [his] consent since at least 2008."

---

[3]In his pleading and brief, Grider refers to this office as the "Office of Regional Conflict Counsel."

Grider again alleged that he was subjected to numerous due process violations, including being medicated with "mind altering drugs against his will."

Grider did not identify the individuals who were carrying out the alleged program as early as 2008, but he alleged that a conspiracy against him grew over time to include the following: Cook, his public defender in criminal court; the Broward County Law Office of the Public Defender; Mullgrav and Raudt, his conflict counsel; Michael Robinson, the Florida criminal court trial judge; Broward County; the Broward County Sheriff's Office; and John Does 1-10.  While Grider did not name Judge Robinson as a defendant, Grider alleges Judge Robinson found him incompetent to stand trial in April 2012, and that Grider's case was transferred to a mental health court.

In his amended complaint, Grider still did not plead any specific facts supporting the conspiracy allegations, other than an allegation that attorney Cook and Judge Robinson agreed to conspire against Grider during a sidebar at the competency hearing on April 23, 2012.

Grider alleged that, because the Broward County Sheriff's Office and Broward County have had "actual and constructive notice of Plaintiff's grievances" and "have continued in their conspiracy unabated," the alleged wrongful actions were taken pursuant to an official policy or custom.  To support the existence of an official policy or custom, Grider identified four individuals—by

6

their initials, not by their full names—whom he alleged received similar psychiatric treatment.  Grider also alleged that he "identified, based upon his own experience, at least two high profile cases in Broward County that involved the same psychiatric programming and that were carried out prior to Defendant's incarceration."

On February 18, 2014, the magistrate judge issued a report recommending dismissal of Grider's amended complaint for failure to state a claim.  Grider once again objected.  On March 25, 2014, the district court adopted the magistrate judge's report and dismissed Grider's amended complaint as conclusory and for failing to allege "any facts supporting his claims."[4]  Similarly, Grider failed to state a claim against the municipal defendants because, although he alleged "the existence of a policy of 'psychiatric programming,'" Grider did "not plead enough facts to support a plausible inference of such a policy sufficient to withstand dismissal."

## II. DISMISSAL UNDER § 1915(e)(2)(B)(ii)

Where a party proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal under

---

[4]In its order, the district court also dismissed a motion Grider made to disqualify the district court judge and the magistrate judge.  Grider alleged that the two judges were biased and that they "may have actually participated" in the alleged "psychological programs."

7

§ 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5]  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Rule 12(b)(6), the plaintiff bears the "obligation to provide the 'grounds' of his 'entitlement to relief.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (brackets omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Indeed, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level."  Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks and brackets omitted).

Furthermore, dismissal for failure to state a claim is appropriate if the facts as pled fail to state a claim for relief that is "plausible on its face."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (internal quotation marks omitted).  Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully."  Id.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

---

[5]We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

8

### III. GRIDER'S § 1983 CLAIMS AGAINST ATTORNEY DEFENDANTS

On appeal, Grider argues that the district court erred by dismissing his § 1983 claims against the attorney defendants because he adequately pled that attorneys Cook, Mullgrav, and Raudt joined in a conspiracy with others acting under color of state law.

As this Court held in the first appeal, public defenders, like Cook, do not act under color of state law when representing a defendant in a criminal trial, and generally cannot be held liable under § 1983 for performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. See Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981). The same is true for state-appointed attorneys, like Mullgrav and Raudt, from the Office of Criminal Conflict and Civil Regional Counsel, who represented Grider in his criminal case. See Tower v. Glover, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824 (1984) (noting that "appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act 'under color of' state law in the normal course of conducting the defense").

Thus, in order for Grider to state a claim against any of the attorney defendants, Grider must sufficiently plead that the attorney engaged in a conspiracy with at least one individual who acted under color of state law. See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). However, the pleading

9

must provide more than "mere conclusory statements" alleging a conspiracy. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

With regard to attorneys Mullgrav and Raudt, Grider pled only general conclusory allegations that Mullgrav and Raudt conspired with Broward County and the Broward County Sheriff's Office to deprive him of his rights, and Grider never identified—even generally—a date, time, or location when the attorneys allegedly communicated with those municipal entities or the nature of any alleged communications.[6]  Grider's threadbare recitals of the agreement element of conspiracy, supported by mere conclusory statements, do not suffice.  See id.

With regard to public defender Cook, Grider alleged that Cook and Robinson, the trial judge in his criminal case, "reached an agreement and understanding to join and participate in the psychiatric programming of Plaintiff at a competency hearing," and that the judge "agreed to find him incompetent during a side-bar with Defendant Cook all for the purpose of continuing and furthering the psychiatric programming of Plaintiff, and violating his constitutional rights."  The fact that Cook engaged in a sidebar with the trial judge does not "nudge[ ]" his outlandish claim "across the line from conceivable to plausible."  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  Accordingly, the district court appropriately

---

[6]Similarly, Grider provides no facts regarding the alleged forcible medication, such as when he was medicated, by whom, or with what medication.

10

dismissed the § 1983 claim against Cook.[7]

## IV. GRIDER'S § 1983 CLAIMS AGAINST MUNICIPAL DEFENDANTS

Grider argues that the district court erred by dismissing his § 1983 claims against Broward County and the Broward County Sheriff's Office because he adequately alleged that the violations of his rights were the result of an official policy or custom.[8]

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but is instead only responsible when the "execution of a government's policy or custom . . . inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). "Thus, recovery from a municipality is limited to acts . . . which the municipality has officially sanctioned or ordered." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991) (quotations omitted). Where a plaintiff alleges a municipal custom, "a plaintiff must establish a widespread practice that . . . is so permanent and well settled as to constitute a custom or usage with the force of law." Id. at 1481 (quotation marks omitted).

---

[7]Because Grider failed to state a claim against the attorney defendants, his argument that the attorneys are not entitled to immunity is irrelevant.

[8]To the extent Grider requests monetary damages for violations of his rights to a fair trial, to represent himself, and to private counsel, those prayers for relief implicate the validity of his conviction and are not appropriately brought under § 1983. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994).

Here, Grider failed to plead sufficient facts of a custom or policy to state § 1983 claims against the municipal defendants.  First, Grider alleges that the defendants continued "psychiatric programming" of him after he filed grievances, petitions for habeas corpus, and his first complaint.  But such allegations involved only Grider himself and not a widespread practice or custom.  See id.  Second, to the extent that Grider alleges that other individuals received "psychiatric programming," Grider's allegations are all conclusory and lack any specific facts about the medical or any other conditions or status of the other individuals—two of whom are unidentified and four of whom he gives only initials.  Even if we assumed that Grider's allegations were plausible, his pleading remains insufficient to state a claim because, under appropriate factual circumstances, the government at times may force an individual to take psychiatric medications against his will, and again Grider alleges no facts regarding these other persons.  See Washington v. Harper, 494 U.S. 210, 227, 110 S. Ct. 1028, 1039-40 (1990) (holding that the Due Process Clause permits a state to treat a prison inmate who has a serious mental illness with psychiatric medications against his will "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interests").

Because Grider failed to plead plausible facts that would support holding Broward County and the Broward County Sheriff's Office liable for an official

12

policy or custom, the district court properly dismissed his § 1983 claims against the municipal defendants.

## V. GRIDER'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

Although the district court did not explicitly rule on Grider's intentional infliction of emotional distress claim, Grider's amended complaint did not provide more than conclusory allegations as to this claim either, and therefore fails as well. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.  Accordingly, we affirm the district court's dismissal of the intentional infliction of emotional distress claim against all defendants.  See Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007) ("This Court may affirm on any ground supported by the record.").

## VI. CONCLUSION

For all of these reasons, the district court did not err in dismissing Grider's amended complaint.

**AFFIRMED.**