[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17460
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-03333-AT

DANIELLE GARCIA,

Plaintiff-Appellant,

versus

DR. CHARLES LI,
of Georgia Regional Hospital in his
official and individual capacity,
R.L. (BUTCH) CONWAY,
Gwinnett County Sheriff, in his
official and individual capacity,
JUDGE KATHRYN SCHRADER,
in her official and individual capacity,
CORIZON HEALTH, INC.,
DAVID WHITMAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 22, 2017)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Danielle Garcia, proceeding pro se, sued Judge Kathryn Schrader, a Gwinnett County Superior Court Judge; R.L. Butch Conway, the Gwinnett County Sheriff; Dr. Charles Li, the Director of Georgia Regional Hospital; Corizon Health, Inc.; and public defenders David Whitman, Debra Fluker, and Angela Brown Dillon, for violations of the Constitution and federal law. The district court dismissed her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. This is Garcia's appeal.

## I.

Garcia's claims arose from state criminal proceedings, over which Judge Schrader presided, involving Garcia's prosecution for aggravated assault.[1] At a hearing on that charge, Garcia's first public defender, Whitman, submitted a motion for a competency evaluation, though he did not have Garcia's permission to do so. Garcia eventually agreed to the evaluation, and Judge Schrader ordered that she be evaluated at Georgia Regional Hospital, where Dr. Li was the hospital director. Based on the hospital's evaluations, Judge Schrader found Garcia competent to stand trial.

---

[1] "A district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed de novo, viewing the allegations in the complaint as true." Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). The following facts are taken from Garcia's allegations in her complaint.

At some point before Garcia's trial was scheduled to begin, Fluker replaced Whitman as Garcia's public defender.  On the first day of trial, Fluker, without consulting Garcia, entered a plea of not guilty by reason of insanity.  And on that day Judge Schrader held Garcia in contempt for rolling her eyes and ordered that she be detained at Gwinnett County Detention Center.  While there, Garcia was evaluated by employees of Corizon, a private contractor that provided medical services to county inmates.  After three months at the detention center, Garcia went on a hunger strike and was transferred back to Georgia Regional Hospital for another competency evaluation.  Garcia's allegations do not make clear what the results of that evaluation were or whether they were the basis for the later dismissal of the assault charge.

While at both the county detention center and the hospital, Corizon and hospital employees denied Garcia access to the legal library, pens, and paper, they fabricated reasons to place her in solitary confinement, and they harassed her.  She later received a new public defender, Dillon, who represented her at a hearing held to determine her competency to stand trial.  At that hearing Dillon failed to challenge the evidence showing that Garcia was not competent to stand trial, but the judge dismissed the assault charge against her and she was released from Georgia Regional Hospital.  Garcia then filed this lawsuit against Judge Schrader, Dr. Li, Sheriff Conway, Corizon, Whitman, Fluker, and Dillon.

3

II.

Garcia asserted § 1983 claims against Judge Schrader for various alleged constitutional violations.  It appears that Garcia, in effect, sought an order declaring unconstitutional, and expunging, Judge Schrader's contempt order and her order finding Garcia mentally incompetent to stand trial.

The Rooker-Feldman doctrine bars the district court, as well as this Court, from providing that relief.  The doctrine, which arose from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983), "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." Alvarez v. Att'y Gen. for Fla., 679 F.3d 1257, 1262 (11th Cir. 2012).  It is limited to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (quotation marks omitted).  The claims Garcia, who lost in state court as to her competency to stand trial, asserts against Judge Schrader involve injuries caused by state court orders rendered before Garcia filed this federal lawsuit, and to rule on the merits of those claims would require that the district court review those orders.  For that reason, the Rooker-Feldman doctrine applies and the district court and this Court lack jurisdiction to hear Garcia's claims against Judge Schrader.

4

Garcia asserted § 1983 claims against Dr. Li for various constitutional violations.[2]  Her only factual allegations relating to Dr. Li are that he ignored a grievance that Garcia wrote to him in January 2016 and that she had filed a federal habeas corpus proceeding involving him in December 2015.  Garcia's allegations do not indicate what she complained of in her grievance to Dr. Li or what she complained of in her federal habeas proceeding involving him.  Instead, her claims against Dr. Li appear to be based on the alleged unconstitutional actions of unnamed hospital employees.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks omitted).  "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  Id.  Garcia failed to allege any facts showing (1) that Dr. Li personally participated in the allegedly unconstitutional conduct or (2) a causal connection, such as a widespread

---

[2]  Garcia also asserted a claim of gender discrimination under 42 U.S.C. § 2000a against Dr. Li.  Section 2000a, however, prohibits discrimination on the basis of "race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  That provision does not prohibit discrimination on the basis of gender.

5

history of abuse, between Dr. Li's actions and the alleged constitutional violations. As a result, she failed to state a claim against Dr. Li.

Garcia asserted various § 1983 claims against Sheriff Conway, who was in charge of the Gwinnett County Detention Center. As with her allegations about Dr. Li, Garcia has failed to allege any facts showing either that Sheriff Conway personally participated in any purportedly unconstitutional conduct or any other sufficient causal connection between his actions and her injuries. Her allegations failed to state a claim against Sheriff Conway.

Garcia asserted § 1983 claims against Corizon. "[W]hen a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under section 1983." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (second alteration in original) (quotation marks omitted). "A municipal governing body may be held liable for acts or policies of individuals to whom it delegated final decisionmaking authority in a particular area." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1291 (11th Cir. 2004). And "[a] member or employee of a governing body is a final policy maker only if his decisions have legal effect without further action by the governing body and if the governing body lacks the power to reverse the member or employee's decision." Id. (citations omitted).

6

The only allegation that concerns a potential policy maker at Corizon is Garcia's allegation that the director of the medical unit told her that "all were informed" that Garcia believed she was being falsely imprisoned and the director told Garcia that her hunger strike was considered to be a form of self-harm. That allegation is not enough to state a claim that Corizon itself falsely imprisoned Garcia or otherwise violated Garcia's civil rights. And Garcia's allegations about actions taken by Corizon's employees do not demonstrate that Corizon had a policy or practice that would render it liable for its employees' alleged constitutional violations.

Finally, Garcia asserted § 1983 claims against Whitman, Fluker, and Dillon, the public defenders who represented her during her criminal proceedings. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[3] Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981). Because Garcia's allegations against Whitman, Fluker, and Dillon concern their actions

---

[3] A public defender can be held liable under § 1983 "if he conspired with someone who did act under color of state law." Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Garcia did assert a conspiracy claim against all of the defendants, including her public defenders, and in that claim she alleged that "[t]he defendants were in [an] implicit and/or explicit . . . agreement amongst themselves to deprive [her] of constitutional rights." Her complaint, however, offered no facts showing a conspiracy, and under Federal Rule of Civil Procedure 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).

7

taken to carry out the traditional functions as her counsel, the complaint failed to state a claim against them.

Garcia's complaint failed to state any claim on which relief may be granted. For that reason, the district court did not err in dismissing the complaint under § 1915(e)(2)(B)(ii).

**AFFIRMED.**