[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11640
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-00076-LGW,
Bkcy No. 2:19-bkc-20244-MJK

In re: MARVIN B. SMITH, III,
    SHARON H. SMITH,

                                                                    Debtors.

_____

MARVIN B. SMITH, III,
SHARON H. SMITH,

                                                                    Plaintiffs-Appellants,

versus

HSBC BANK USA,
HSBC BANK USA, N.A.,
HSBC BANK USA, NATIONAL ASSOCIATION,
as Trustee for the Holders of BCAP LLC Trust
2006-AA2, et al.,

                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 18, 2021)

Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Marvin and Sharon Smith, proceeding pro se,[1] appeal the district court's order affirming the bankruptcy court's dismissal of the Smiths' adversary complaint filed against HSBC Bank USA, HSBC Bank USA, N.A., and HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 (collectively, "HSBC").  No reversible error has been shown; we affirm.

_____

[1] We construe liberally pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

I.    Background

Briefly stated, the Smiths have sought -- for over a decade and in various courts -- to challenge the foreclosure proceedings on their home in St. Simons Island, Georgia (the "Property"). The adversary proceeding at issue in this appeal represents one of those challenges. Given the complicated and lengthy procedural history underlying this appeal, we will summarize the facts and proceedings only as necessary to provide context for our decision.[2]

In 2007, the Smiths filed for bankruptcy seeking to discharge over $2 million in mortgage debt on the Property ("Smith I"). On their bankruptcy petition, the Smiths listed Countrywide Home Loans ("Countrywide") as holding two secured claims against the Property.

In 2008, Countrywide -- as servicing agent for HSBC -- moved for relief from the automatic stay under 11 U.S.C. § 362(a). The bankruptcy court denied the motion but entered a Consent Order modifying the automatic stay to allow the bankruptcy trustee to market the Property for sale. If the Property remained unsold as of 4 May 2009, the automatic stay would terminate without further hearing or order and foreclosure proceedings could commence.

---

[2] A more thorough description of the underlying factual and procedural history is set forth in the district court's decision in Smith v. HSBC Bank, N.A., 616 B.R. 438 (S.D. Ga. 2020).

In July 2009, the bankruptcy court denied the Smiths' motion to vacate the Consent Order and stated that foreclosure on the still-unsold Property could proceed. The district court affirmed; and we dismissed as frivolous the Smiths' appeal.

HSBC foreclosed on the Property in May 2015. On 1 June 2016, the bankruptcy court entered an order discharging the Smiths' debt under Chapter 7. The Smiths were evicted from the Property in August 2017.

In November 2017, the Smiths filed in the bankruptcy court an adversary complaint against HSBC. The Smiths asserted that HSBC's foreclosure and eviction proceedings violated the automatic stay. The Smiths also alleged claims for mortgage fraud and for elder abuse in violation of Georgia law.

The bankruptcy court dismissed with prejudice the Smiths' adversary proceeding. The bankruptcy court first concluded that it lacked subject matter jurisdiction over the Smiths' state law claims for mortgage fraud and elder abuse -- claims that did not "arise under," "arise in," or "relate to" the Bankruptcy Code. The bankruptcy court next concluded that the Smiths' claims about HSBC's purported violation of the automatic stay were barred by res judicata. The district court affirmed. This appeal followed.

4

II.    Discussion

We review de novo legal conclusions of both the bankruptcy court and the

district court.  See Finova Cap. Corp. v. Larson Pharmacy, Inc. (In re Optical

Techs., Inc.), 425 F.3d 1294, 1299-1300 (11th Cir. 2005).  We review for clear

error the bankruptcy court's factual findings.  See id. at 1300.

A. Subject Matter Jurisdiction

We review de novo questions of subject matter jurisdiction.  See Univ. of S.

Ala. v. Am. Tobacco Co., 168 F.3d 405, 408 (11th Cir. 1999).

The bankruptcy court has jurisdiction over three categories of proceedings:

"those that 'arise under [T]itle 11,' those that 'arise in cases under [T]itle 11,' and

those 'related to cases under [T]itle 11.'"  See Cont'l Nat'l Bank v. Sanchez (In re

Toledo), 170 F.3d 1340, 1344 (11th Cir. 1999) (citing 28 U.S.C. § 1334(b)).  A

claim "arises under" Title 11 if it invokes a substantive right created by the

Bankruptcy Code.  Id. at 1345.  A claim arises in a case under Title 11 if it

involves "matters that could arise only in bankruptcy."  Id.  A claim is sufficiently

"related to" Title 11 for jurisdictional purposes when the outcome of the

5

proceeding "could conceivably have an effect on the estate being administered in bankruptcy." See Wortley v. Bakst, 844 F.3d 1313, 1318-19, 1320 (11th Cir. 2017).

The bankruptcy court committed no error in dismissing -- for lack of subject matter jurisdiction -- the Smiths' mortgage fraud and elder abuse claims. These claims allege violations of Georgia law and invoke no right created by the Bankruptcy Code or a matter arising only in bankruptcy. Nor would the resolution of these claims have a conceivable effect on the bankruptcy estate. By the time the Smiths filed this adversary proceeding in November 2017, the Property had been abandoned and was no longer part of the bankruptcy estate; and the bankruptcy estate had been already fully administered.

## B. Res Judicata

"Res judicata, or claim preclusion, bars relitigation of matters that were litigated or could have been litigated in an earlier suit." Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992). A claim is barred by the judgment in a prior case when four elements are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the

6

parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Manning, 953 F.2d at 1358-59 (quotations omitted).

The bankruptcy court determined properly that the Smiths' claim -- that HSBC's foreclosure activities violated the automatic stay -- was barred by res judicata. This claim is one that the Smiths have pursued repeatedly (and unsuccessfully) in various courts over several years.

In 2015, the Smiths filed a civil action challenging the foreclosure proceedings on their home ("Smith II"). The Smiths moved the bankruptcy court to stay a writ of possession granted to HSBC which the Smiths said violated the bankruptcy court's automatic stay. In a 9 August 2017 order, the district court denied the motion on the merits, concluding that HSBC had been granted relief from the automatic stay.

The Smiths filed a materially similar motion to stay HSBC's writ of possession in Smith I. On 5 December 2017, the bankruptcy court denied that motion as barred by res judicata based on the district court's 9 August 2017 order

7

in <u>Smith II</u>.  We affirmed both the district court's 9 August 2017 order and the bankruptcy court's 5 December 2017 order on appeal.  See <u>Smith v. HSBC Bank USA, N.A.</u>, 775 F. App'x 492 (11th Cir. 2019) (unpublished).

In this adversary proceeding, the Smiths reiterate the same arguments raised in <u>Smith I</u> and in <u>Smith II</u>.  In the light of the procedural history underlying this appeal, that the Smiths' automatic-stay claim is barred by <u>res judicata</u> is clear.

C.  Default Judgment

We next address the Smiths' contention that they were entitled to a default judgment because HSBC failed to file timely a responsive pleading to the Smiths' adversary proceeding.

We review the denial of a motion for a default judgment under an abuse-of-discretion standard.  <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1316 (11th Cir. 2002).  We have said that "[d]efault is to be used sparingly." <u>Id</u>.  Given the wide range of lesser sanctions available, the "drastic remedy" of entry of judgment by default is appropriate "only in extreme situations."  <u>Id</u>. at 1316-17.

8

The district court determined that a default judgment was inappropriate in this case given that HSBC was (at most) one day late in filing its motion to dismiss and that the Smiths' claims were dismissed properly as barred by res judicata and for lack of subject matter jurisdiction. The district court refused "to endorse this 'gotcha' style of litigating whereby the Smiths seek to prevail on a technicality after they were unable to prevail on the merits of this frivolous and duplicative litigation."

We accept that this case presents no "extreme situation" that would justify the "drastic remedy" of default judgment. Given our "strong preference that cases be heard on the merits" and given that the Smiths' claims were facially invalid, neither the bankruptcy court nor the district court abused its discretion in denying the Smiths' motions for a default judgment. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (concluding that no exceptional circumstances justified the entry of a default judgment where -- despite an unexplained delay -- most defendants answered the complaint shortly after the deadline, plaintiff suffered no prejudice because of the delay, and most of plaintiff's claims were facially invalid).

D. Constitutional Due Process

9

On appeal, the Smiths also contend that adverse rulings by the bankruptcy court and the district court denied the Smiths their due process right to object to the real party in interest and to seek enforcement of the automatic stay. We reject these conclusory arguments. Plaintiffs have been given ample notice and opportunities to be heard -- in the bankruptcy court, the district court, and in this Court -- throughout the course of this litigation. That Plaintiffs are dissatisfied with the outcome of the proceedings establishes no constitutional violation.

AFFIRMED.