[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14098

Non-Argument Calendar

_____

SANDRA J. STATEN,

Plaintiff-Appellant,

*versus*

DR HORTON INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-01178-AMM

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Sandra Staten, proceeding *pro se*, appeals from the district court's dismissal of her complaint alleging fraud, bad faith, and unjust enrichment against D.R. Horton, Inc.  In response, D.R. Horton moved for summary affirmance of the district court's order, and Staten responded by moving for summary reversal of the order.  After careful review, we grant D.R. Horton's motion for summary affirmance and deny Staten's motion for summary reversal.

Summary disposition is appropriate either where time is of the essence, like in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  A motion for summary affirmance postpones the due date for the filing of any remaining brief until our Court rules on the motion.  11th Cir. R. 31-1(c).

We review a district court's grant of a Rule 12(b)(6) motion *de novo*, accepting the allegations in the complaint as true and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

construing them in the light most favorable to the non-moving party, here the plaintiff. *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). We also review *de novo* the district court's determination of its own subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). We review for abuse of discretion the denial of a motion for a default judgment. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). And we review the denial of a motion for reconsideration for abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007).

Federal courts exercise limited jurisdiction and generally can only hear actions that involve a federal question or meet the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332; *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A district court has jurisdiction over a civil matter where the amount in controversy exceeds $75,000, and is between "citizens of different States." 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "[c]itizenship is equivalent to domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (quotations omitted). Corporations are "citizens" for diversity purposes wherever they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011).

Because diversity jurisdiction is measured when an action is filed, events occurring after the filing of an action cannot create or destroy diversity jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp.,*

*L.P.,* 541 U.S. 567, 575–76 (2004) (holding that, if complete diversity of citizens did not exist at the time of filing, subsequent events, like a change in the domicile of a party will not create diversity jurisdiction); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (explaining diversity of citizenship, or domicile, must exist at the time the action is filed in order to be proper); *Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016) (noting that diversity jurisdiction "is not destroyed by post-filing changes to party citizenship").

A motion to dismiss is not a responsive pleading. *Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993). Under Fed. R. Civ. P. 55(a), a court may enter a default judgment against a party when the party "has failed to plead or otherwise defend" the claims against that party. However, the entry of a default judgment "is a drastic remedy which should be used only in extreme situations." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). We've held that a district court did not abuse its discretion when it denied a motion for a default judgment when the defendant filed a motion to dismiss "a short time after the deadline for responsive pleadings." *Mitchell*, 294 F.3d at 1317.

"We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned," and "we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson v. Sampson*, 518 F.3d 870, 874 (11th

Cir. 2008).  An appellant forfeits a claim when she either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (holding that issues not properly presented on appeal are deemed forfeited and will not be addressed absent extraordinary circumstances), *cert. denied*, 143 S. Ct. 95 (2022).  Further, "[t]o obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against [her] is incorrect."  *Sapuppo*, 739 F.3d at 680.  "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  *Id.*

Here, D.R. Horton is entitled to summary affirmance of the district court's dismissal of Staten's amended complaint because she has not challenged on appeal each of the district court's independent, alternative grounds for dismissal on that basis.  *Groendyke Transp.*, 406 F.2d at 1162; *Sapuppo*, 739 F.3d at 680.  Even liberally construed, Staten fails to challenge the district court's determination that she did not adequately plead her claim in Count One for fraud in conformity with Fed. R. Civ. P. 9(b), so she has abandoned the issue.  *See Timson*, 518 F.3d at 874.  Similarly, Staten fails to argue on appeal that the district court erred by dismissing her amended complaint for failure to state a claim for bad faith in Count Two and unjust enrichment in Count Three.  *Id.*  Because

she has abandoned these issues, the district court order dismissing her claims is due to be affirmed.  *Sapuppo*, 739 F.3d at 680.

Moreover, the district court did not abuse its discretion when it denied Staten's motions for entry of default judgment against D.R. Horton.  *Mitchell*, 294 F.3d at 1316.  The district court properly denied Staten's motions because, at the time that she filed them, D.R. Horton's time to file a responsive pleading had not yet elapsed.  Although D.R. Horton subsequently failed to timely answer Staten's amended complaint, Staten did not file another motion for an entry for default judgment at that time.  In any event, although Staten is correct that a motion to dismiss is not a responsive pleading, D.R. Horton did not "fail[] to plead or otherwise defend" itself against Staten's claims because it filed a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Fed. R. Civ. P. 55(a); *Fortner*, 983 F.2d at 1032.  Nor has Staten shown that she was entitled to the drastic remedy of default judgment.  *Wahl*, 773 F.2d at 1174.  Therefore, we affirm the district court's order denying her motions for entry of default judgment against D.R. Horton.

As for Staten's argument on appeal that the district court lacked subject matter jurisdiction over this case because she moved to Alabama after D.R. Horton removed the case from the Alabama state court to the federal district court, we disagree.  When Staten filed her complaint in the Alabama state court, she noted that she was domiciled in Detroit, Michigan, and D.R. Horton was domiciled in Arlington, Texas.  Whether Staten lived in Michigan or Alabama when D.R. Horton removed the case to federal court does

not affect the district court's subject matter jurisdiction over her case.  This is because, at all times, D.R. Horton was incorporated in Delaware and its principal place of business was Arlington, Texas, both of which are diverse from Michigan and Alabama.  28 U.S.C. § 1332(c)(1); *Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1346.  Thus, the parties were diverse, and the district court had diversity jurisdiction over Staten's action.  *McCormick*, 293 F.3d at 1257.

Accordingly, we GRANT D.R. Horton's motion for summary affirmance of the district court's dismissal of Staten's *pro se* complaint and DENY Staten's motion for summary reversal.

**AFFIRMED.**